### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| GEORGE WALTER BREWSTER, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 4:21-CV-102 (LAG) (MSH) |
| | : | |
| JUDGE CLAY D. LAND, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is *pro se* Plaintiff George Walter Brewster, III's Complaint under 42 U.S.C. § 1983 (Doc. 1) and Motion for Leave to Proceed *in forma pauperis* (IFP) (Doc. 2). For the reasons stated below, Plaintiff's Motion for Leave to Proceed IFP is **DENIED**, and Plaintiff's Complaint is **DISMISSED without prejudice**.

## BACKGROUND

On June 18, 2021, Plaintiff, an inmate currently housed at the Muscogee County Jail, filed a Complaint under 42 U.S.C. § 1983 against Defendant Judge Clay D. Land. (Doc. 1). Therein, Plaintiff claims that Judge Land has blocked his "access to the Courts." (*Id.* at 6). The same day, Plaintiff filed a Motion for Leave to Proceed IFP. (Doc. 2). Plaintiff's Motion and Complaint are now ripe for review. *See* 28 U.S.C. § 1915A(a).

## DISCUSSION

### I.    Motion for Leave to Proceed IFP

Federal law bars a prisoner from bringing a "civil action" in federal court *in forma pauperis* if,

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." *See Coleman v. Tollefson*, 575 U.S. 532, 539 (2015). Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed "for one of these three reasons." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, leave to proceed IFP may not be granted "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records (PACER) database reveals that Plaintiff has filed various federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.*, *Brewster v. Dist. Att'y's Off.*, No. 4:20-CV-00038-CDL-MSH, (Doc. 7) (M.D. Ga. Oct. 21, 2020) (adopting report and recommendation that dismissed Plaintiff's complaint for failure to state a claim); *Brewster v. Turner*, No. 4:21-CV-00014-CDL-MSH, (Doc. 5 at 1) (M.D. Ga. Mar. 3, 2021) (dismissing for failure to state a claim); *Brewster v. Am. Int'l Movers, Inc.*, No. 4:20-CV-00045 (Doc. 5 at 1) (M.D. Ga. Mar. 12, 2020) (dismissing for failure to state a claim); *see also Brewster v. Muscogee Cnty. Police Dep't*, No. 4:21-CV-00048-CDL-MSH (Doc. 3 at 4) (M.D. Ga. May 24, 2021) (dismissing Plaintiff's complaint under the three strikes rule). Thus, Plaintiff is barred from prosecuting this action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for the "imminent danger" exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Atty's Off.*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193 (first citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); and then citing *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998)). "[V]ague and unsupported claims of possible dangers are not sufficient to warrant exception to § 1915(g)." *Rushin v. Taylor*, No. 5:17-CV-0004-MTT, 2017 WL 1407649, at *2 (M.D. Ga. Apr. 19, 2017) (citing *White*

*v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)). The exception to § 1915(g) is to be applied only in "genuine emergencies," when: (1) "time is pressing," and (2) the "threat is shown to be both 'real and proximate.'" *Id.* (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)).

Plaintiff asserts that Judge Land has blocked his "access to the courts" by failing to allow his cases to proceed. (Doc. 1 at 6). Nothing in Plaintiff's allegations suggests that he is in imminent danger of serious physical injury. Accordingly, he may not proceed in this action IFP. Although the complaint may be dismissed on this basis alone,[1] the Court notes that dismissal is also appropriate because, as discussed below, the complaint does not state a claim upon which relief may be granted as the only named defendant is entitled to absolute immunity from Plaintiff's claims.

## II.    Preliminary Review of Plaintiff's Complaint

### A.    Standard of Review

Pursuant to 28 U.S.C. § 1915A, federal courts are required to conduct an initial screening of a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A requires federal courts to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (first citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); and then citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). "Dismissal for failure to state a claim is appropriate if the complaint's factual allegations fail to state a claim for

---

[1]    In *Dupree v. Palmer*, the Eleventh Circuit held that a "prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (emphasis omitted). Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $402.00 filing fee. *Id.*

relief that is 'plausible on its face.'" *Jacobs v. Biando*, 592 F. App'x 838, 840 (11th Cir. 2014) (per curiam) (first quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and then citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," but the same liberal reading does not apply to legal conclusions. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (citations omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted). "Even if the complaint legally states a claim and the facts are not fantastic, a dismissal on grounds of frivolousness might be justified. For example, if the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 (11th Cir. 1990).

Generally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citations omitted)). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (per curiam) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### B.   Plaintiff's Claims

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir. 2003) (per curiam) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, "or any portion" thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

As noted above, Plaintiff's Complaint asserts that Judge Land blocked Plaintiff's access to the courts. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in 'the clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (first quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); and then citing *Simmons v. Conger*, 86 F.3d 1080, 1084–85 (11th Cir. 1996)). Here, the actions taken by Judge Land, from which Plaintiff seeks relief, were taken in Judge Land's judicial capacity. *See, e.g.*, *Bussey v. Devane*, No. 13-CV-3660(JS)(WDW), 2013 WL 4459059, at *3 (E.D.N.Y. Aug. 16, 2013) ("Deciding motions is certainly an act performed within a judge's 'judicial capacity' and such determinations are undoubtedly entitled to absolute judicial immunity."). Thus, Judge Land is absolutely immune from Plaintiff's claims, and Plaintiff's Complaint may also be dismissed on this basis.

**CONCLUSION**

Accordingly, Plaintiff's Motion for Leave to Proceed IFP (Doc. 2) is **DENIED**, and Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

**SO ORDERED**, this 21st day of July, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**